MARVIN,
Judge, concurring.
Under the circumstances found after trial which are supported by substantial evidence, and even though plaintiffs and defendant executed a credit deed and note, there was no sale of the property.
When the deed was executed, it did not convey the thing (either in front feet or in quantity of acreage) which was agreed by both litigants. Defendant did not pay the $10,000 cash portion of the consideration and the deed and note were retained by plaintiffs’ attorney. When the defendant learned that day or the next that plaintiffs could not, and by the deed, did not, convey the front footage and acreage agreed on, he announced that he was not going to pay the cash consideration and “go through” with the sale.
Plaintiffs alleged and showed at the trial that they acquired other property and property rights and had prepared another credit deed for defendant which he refused to sign. In this respect, plaintiffs showed that they made an effort to “cure” the deficiency in the credit deed which was executed and they sued for damages for defendant’s alleged bad faith refusal “to go ahead with the purchase of the property as originally agreed on.”
A Louisiana plaintiff is not restricted in recovery by pleading a theory of the case. Conclusions of law which are alleged are immaterial either to support or to defeat an exception of no cause of action. Facts alone, whether merely alleged as in the case of an exception of no cause of action before trial in the trial court or alleged and then shown at a trial, determine the plaintiff’s cause of action.
Plaintiffs’ factual allegations are broad enough to cover defendant’s refusal to sign the second credit deed, but even, if not, plaintiffs have still stated a cause of action *500 for damages for “refusal to go ahead with the purchase” under the executed credit deed. The trial court found, and I think erroneously, that plaintiffs and defendants orally agreed to cancel the executed deed.
I would hold that plaintiffs stated a cause of action for damages, but did not prove their cause of action at the trial. Defendant refused to pay the $10,000 and refused to allow plaintiffs to attempt to cure the deficiency, because the plaintiffs could not, and did not, deliver to him on the day, or the next day after, the credit deed was executed, what both litigants had agreed on.
Under these factual circumstances defendant’s refusal was not an actionable breach and plaintiffs cannot recover damages from defendant. The trial court’s result is correct but its reason (mutual agreement to cancel the executed credit deed) is wrong. Likewise, I respectfully consider the majority’s result correct, but the reason (plaintiffs have not alleged a cause of action because plaintiffs’ recovery is limited by their alleged conclusions of law) wrong.
I concur in the judgment rejecting plaintiffs’ demands because they have not shown that defendant breached any contract or acted in any way to cause them damage.